1. The plaintiffs' petition sought to enjoin obstruction of an alleged private way in the City of Sylvania, extending from Singleton Avenue to the State highway number 23, alleged to have been acquired by prescription. The petition was amended by adding count 2, seeking to enjoin obstruction of the alleged way as differently located, that is to say, by substitution of a street 35 feet wide over a new route, not for the whole of the alleged private way, but from the rear of two designated lots fronting Singleton Avenue, between which it was located, and extending thence to State highway number 23. The alleged right to the street depended upon an executory contract of a proprietor to grant the street through his land, and full performance on the part of the city by establishing and opening the street to the public, and by use of the street by the public for more than nine years. There was an issue by the pleadings as to prescriptive right to the part of the alleged private way that separated the lots fronting Singleton Avenue, and as to contractual right to the substituted part called a street. There was no evidence of any part of the alleged original private way having been kept in repair by the plaintiffs. The evidence showed that the alleged private way separating the two lots fronting *Page 386 
Singleton Avenue was twenty feet wide for the distance of the length of those lots, and at that point the street thirty-five feet wide commenced, and that the two except in width made a continuous way from Singleton Avenue to the State highway. There was evidence tending to show that the whole way was designed for the use of the abutting proprietors, and that such use thereof as made by the general public was merely permissive in so far as relates to a continuous way between Singleton Avenue and the State highway. The judge erred in directing the verdict for the plaintiffs, and in refusing a new trial.
2. Reversal of the judgment will result in setting aside the verdict. Consequently it is unnecessary to deal with the assignments of error relating to the decree and the subsequent motion to modify the decree.
Judgment reversed. All the Justices concur.
 No. 12896. DECEMBER 4, 1939.
On December 30, 1936, W. E. Hudmon and others instituted suit against Mrs. Ira M. Hill, R. W. Morel, and Joseph M. Morel, to enjoin obstruction of an alleged "private way or road" in the City of Sylvania, alleged to have been acquired by prescription. It was alleged that the road passing over the improved lands of the defendants for a distance of approximately 300 yards connected Singleton Avenue with State highway number 23 at a point about 200 yards from their point of convergence, near the business section of the city. The defendants demurred and answered. The answer denied the allegations relied on to establish a private way by prescription, and alleged that on April 7, 1936, before the filing of the suit, the mayor and council in regular session, on application of defendants and other abutting proprietors, formally adopted a resolution authorizing the applicants to close the way, and in pursuance of the same resolution executed to defendants a quitclaim deed to that portion of the way that passed through their lands. Also, that the way was only for the private use of the owners of the abutting property, and, due to its narrow width, use by the public for passage of heavy trucks and especially at the entrance into the State highway creates a dangerous hazard to life and property of the abutting proprietors. The plaintiffs amended their petition by adding a second count in which a parol agreement between the city and J. J. B. Morel (through whom defendants as heirs at law claim title to the abutting lands) was alleged to have been made about August 1, 1927, whereby, in consideration of the city's abandonment of a designated part of the way and return of *Page 387 
the land traversed by such abandoned part to Morel, he would "grant and dedicate" to the city, a street thirty-five feet wide through his land, extending from a designated point on the alleged private way a distance of 516 feet to the State highway. It was further alleged, that in pursuance of the agreement a deed was prepared, to which was attached a plat made by Albert L. Potter, a surveyor, dated August 6, 1927, calling the street Morel Street; that about the time indicated Morel became ill, and died three months thereafter without having executed the deed; that the city fully performed its part of the agreement "by abandoning and vacating the lanes, alleys, and streets as agreed, and by immediately taking possession of said Morel Street, . . and proceeded at once to lay out and improve said street and to open the same to traffic, and to the use of your petitioners and the general public, as a public street;" that said Morel Street has been in the continuous use as a public street by petitioners and the general public for more than nine years, and now serves a useful public purpose, and the public accommodation would be materially and injuriously affected by any interruption thereof; that in virtue of all the foregoing, and keeping the street in repair, the city has acquired for the use of the general public an inalienable easement and title to Morel Street; that on April 7, 1936, the city executed a quitclaim deed to the defendants as heirs at law of J. J. B. Morel, in which it undertakes to convey the city's interest in Morel Street; that on account of the interest of petitioners and the general public in Morel Street it was unlawful for the city to make such conveyance for a private use; that defendants are now preparing to obstruct Morel Street by building a fence across it. It was prayed that the city be made a party defendant, that such obstruction be enjoined, and that the quitclaim deed be canceled as a cloud on title.
The defendants answered, denying all allegations in count 2, except that they admitted their purpose to appropriate the whole of Morel Street and their preparation to build the fence across the same, as alleged. The defendants reiterated their original answer as to municipal action of April 7, 1936, authorizing closing of the way, and execution by the city of a quitclaim deed. The city admitted adoption of the resolution of April 7, 1936, authorizing the closing of the street, and execution of the quitclaim deed, and asserted authority to do so. All other material allegations were either *Page 388 
denied or not answered for want of sufficient knowledge. On the trial the judge sustained the plaintiffs' objection to the resolution of the city council of April 7, when offered in evidence, on the ground that it was an unauthorized attempt to abandon a public street and convey title to private individuals for private uses, and was void. The defendants' attorneys announced that they had nothing more to offer; and on motion the judge directed the verdict for the plaintiffs. The judge entered a decree containing in substance the foregoing recitals concerning the trial and verdict, enjoining the defendants as prayed, and decreeing cancellation of the deed. After the decree the mayor and council in session adopted the following resolution:
"Whereas all the owners of land adjoining and adjacent to that certain lane or alley in the City of Sylvania, beginning at Singleton Avenue of said city and running thence in an easterly direction between lots of land owned by Mrs. C. M. Kemp on the north and Robert Newman on the south, and extending on through the lands belonging to Mrs. Nellie M. Hill, R. W. Morel, and J. M. Morel, until the same enters the highway leading from Sylvania to Waynesboro, Georgia, have petitioned this body representing the City of Sylvania, requesting that said lane or alley be closed to the public; and whereas said lane or alley has been for some time used by the public by permission only of the property owners named; and whereas the said lane or alley so used by the public has become a nuisance to the property owners named, because of continued heavy traffic thereon, the said lane or alley being entirely too narrow for a public thoroughfare, and the continued use thereof being detrimental to the proper enjoyment of the property by said property owners named; whereas, because the narrowness of said lane or alley and the constant use thereof by the public and heavy traffic has become a traffic hazard, the said lane being entirely too narrow for the uses to which it has been put by the public; and whereas there are other good routes through said city, which the public may use which will not prove to be a nuisance to the property owners named, and will be safe to the traveling and hauling public:
"Now, therefore, be it resolved that the property owners named, their successors and assigns, be and they are hereby authorized to close said lane or alley beginning on Singleton Avenue and ending on the Waynesboro highway, at least so far as the public is concerned, *Page 389 
so that said lane or alley may be used as the private means of access to the property owners involved, as the same was originally intended to be. Be it further resolved that the City of Sylvania, through its duly qualified officers, does hereby abandon any and all dominion, control, and upkeep of said lane or alley so far as the City of Sylvania is concerned, and does hereby direct that the marshal of said City of Sylvania be and he is hereby instructed to place such barricades to said lane or alley at the point where it connects with Singleton Avenue of said city, and also at the point where the lane or alley leads into the Waynesboro public road, so as to prevent public use of said lane or alley."
The former resolution of April 7, 1936, which the court rejected from evidence, was adopted before amendment of the municipal charter (Ga. L. 1937, p. 2101), whereas this last resolution was adopted when said amendment to the charter was in force. On the basis of the last resolution the defendants applied to the judge for modification of the decree to the extent of revoking the injunction because of change in the charter and municipal action thereunder. The motion was dismissed on demurrer attacking the constitutionality of the municipal resolution, and that part of the statute amending the municipal charter which reads: "And shall have further power and authority to abandon or close any street, sidewalk, lane or alley, when in their discretion public necessity, safety or convenience requires it, and such power and authority may be exercised by the mayor and council by appropriate ordinance enacted by a majority vote of the council in regular meeting assembled." The defendants excepted pendente lite. They moved for a new trial on the general grounds, and because, under the pleadings and the evidence, there were issues of fact that should have been submitted to a jury. The motion was overruled, and the movants excepted, assigning error also on the judgment on the rulings excepted to pendente lite.